IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ANGELO J. DEROSA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-4074-NKL |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Angelo DeRosa challenges the Social Security Commissioner's denial of his application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et. seq*.

DeRosa argues that the Administrative Law Judge ("ALJ") erred in failing to provide the basis for disregarding the opinion of a treating physician. DeRosa also points out that the ALJ provided no explanation for discrediting DeRosa's testimony. The Court finds error on both points, and remands for further proceedings.

DeRosa applied for disability benefits in November, 2007, claiming blockage of his heart, high blood pressure, and injured discs in his neck and lower back. After a hearing, the ALJ denied benefits to DeRosa in a June, 2010, decision. In the section of her decision discussing DeRosa's impairments, the ALJ summarized the contents of a 2010 letter from treating physician Dr. Hopkins. The ALJ summarized the letter as follows:

    A medical note dated March 3, 2010 indicated that conservative treatment

1

> including epidural injections had not produced any improvement, but surgery was not recommende. [sic] Dr. William Hopkins, M.D., stated that he felt the claimant might be able to perfporm [sic] sedentary work. The claimant remained significantly overweight.

[Doc. # 9-3 at 12]. That letter also stated the DeRosa was "an incapacitated gentleman who could probably work in a limited work situation which is not strenuous in nature." [Tr. 570]. Other than the above summary of the letter's contents, the ALJ did not discuss in her decision Dr. Hopkins's opinions.

The ALJ's decision stated that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible to the extent they are inconsistent with the above residual functional capacity assessment." [Doc. # 9-3 at 14]. The ALJ's decision did not refer to any specific evidence in the record supporting this conclusion or explain the reasoning used to reach the conclusion.

The ALJ's decision ultimately found DeRosa capable of light work with the limitation that DeRosa could only occasionally climb ladders. The ALJ found that a significant number of jobs existed in the national economy that DeRosa could perform, and found DeRosa not disabled under the Act.

In March, 2011, Dr. Hopkins wrote another letter. DeRosa submitted that letter to the Appeals Council, but it was not included in the transcript. In that letter Dr. Hopkins explained that in his 2010 letter he had meant to say: "I think it is *not* possible that [DeRosa] might be able to perform a sedentary to semi-sedentary occupation in which long driving, bending, lifting and carrying is a significant requirement." [Doc. # 15-1 at 1] (emphasis

added).

In reviewing a denial of disability benefits, the Court considers whether the ALJ's decision is supported by substantial evidence on the record as a whole. *See Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). "Substantial evidence is evidence that a reasonable person might accept as adequate to support a decision." *Cox v. Barnhart*, 245 F.3d 606, 608 (8th Cir. 2003) (internal quotes omitted).

DeRosa argues that the ALJ erred in not explaining why she found DeRosa capable of "light work" when Dr. Hopkins, a treating physician, opined only that DeRosa might be capable of sedentary work. "ALJs are not obliged to defer to treating physician's medical opinions unless they are well-supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the record." *Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008) (internal quotes omitted). But an ALJ can only reject medical evidence "based on contradicting medical evidence, not on the ALJ's own judgments or opinions." *See id*.

The ALJ stated the contents of Dr. Hopkin's letter in the section of her decision finding severe impairments, but never weighed the opinions in that letter against other medical evidence or discussed why she found DeRosa capable of light, rather than sedentary work. Remand is thus appropriate because the Court is unable to determine what weight, if any, the ALJ gave to Dr. Hopkins's opinion. *See McCadney v. Astrue*, 519 F.3d 764, 767 (8th Cir. 2008). On this record the Court is also unable to determine whether the ALJ substituted her own opinion for that of Dr. Hopkins rather than weighing it against other

3

medical evidence in the record.

None of the Commissioner's arguments require a different result. The Commissioner argues that there is no evidence that DeRosa ever submitted to the Appeals Council the 2011 letter, which clarifies that Dr. Hopkins meant to opine that DeRosa is not even capable of sedentary work. The Commissioner also argues that the meaning of the 2011 letter is unclear. These arguments are immaterial because the Court would find remand appropriate even based on Dr. Hopkins's 2010 letter opining that DeRosa was capable only of sedentary work. To the extent the ALJ found the 2011 letter unclear, the ALJ had a duty to develop the record so that she could weigh the opinion in that letter against other medical evidence on the record. *See Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000).

The Commissioner also argues that both letters are cumulative of other evidence, and that the outcome of DeRosa's disability determination would not be affected by the ALJ's properly weighing Dr. Hopkins's opinion. The Commissioner then points to medical evidence in the record describing DeRosa's various conditions as "normal," "stable," "controlled," or having "no limitations." [Doc. # 16 at 7]. On the contrary, the Court finds this evidence to conflict with Dr. Hopkins's letter, which, by limiting DeRosa to sedentary work, indicates greater impairment than demonstrated by this handful of selected statements in the record. This conflict illustrates the importance of an explicit weighing of the medical evidence in the record so that the Court can properly evaluate the ALJ's decision. Finding no such weighing in the ALJ's decision, the Court remands for further proceedings.

DeRosa also argues that reversal is appropriate because the ALJ discredited DeRosa's

4

testimony despite "no explanation of this statement and no facts set out in support of this conclusion." [Doc. # 15 at 10]. "If an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, [the Court] will normally defer to that judgment." *Hogan v. Apfel*, 239 F.3d 958, 962 (8th Cir. 2001). Here, the ALJ provided no reason for doing so. Under these circumstances, remand is appropriate to give the ALJ an opportunity to address the issue. This is unlike the situation in *Rainey* where an ALJ listed a claimant's activities of daily living in conjunction with discrediting the claimant's testimony, but "failed to explain the inconsistencies between the claimants' activities and their subjective complaints." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003) (clarifying the holding in *Rainey v. Dep't of Health & Human Servs.*, 48 F.3d 292, 293 (8th Cir.1995)).

Accordingly, it is hereby ORDERED that Angelo DeRosa's Petition [Doc. # 3] is GRANTED. The decision of the ALJ is REVERSED and remanded for reconsideration consistent with this Order.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated: December 19, 2011  
Jefferson City, Missouri